UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD B. MABIE. JR, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN COLVIN, <br><br> Defendant. | CASE NO. C14-0741JLR <br><br> ORDER |

## I.  INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") of United States Magistrate Judge James P. Donohue (R&R (Dkt. # 15)), the objections of Plaintiff Richard B. Mabie, Jr. to the R&R (Obj. (Dkt. # 16), and the response of the Commissioner of the Social Security Administration ("Commissioner") to Mr. Mabie's objections (Resp. (Dkt. # 17)).  The court has carefully reviewed the foregoing, all other relevant documents, and the governing law.  Being fully advised, the court ADOPTS the

ORDER- 1


R&R (Dkt. # 15), REVERSES the decision of the Commissioner, and REMANDS the case for further consideration.

## II.  BACKGROUND

Mr. Mabie applied for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on March 1, 2011, alleging a disability onset date of September 1, 2008.  (AR (Dkt. # 9) at 19, 231-32, 233-38.)  Mr. Mabie asserts he is disabled due to mental health impairments including Asperger's Syndrom, obsessive compulsive disorder ("OCD"), panic disorder with agoraphobia, and depression.  (*Id.* at 37.)  He also reported problems with lower back pain and hypertension.  (*Id.* at 292.)

The Commissioner denied Mr. Mabie's claim initially and on reconsideration.  (*Id.* at 139-46, 149-50, 151-54.)  Mr. Mabie requested a hearing with an Administrative Law Judge ("ALJ"), which took place on June 27, 2012.  (*Id.* at 37.)  On September 28 2012, the ALJ issued a decision ruling that Mr. Mabie was not disabled and denying benefits based on the finding that Mr. Mabie could perform his past relevant work as an elevator mechanic apprentice, elevator mechanic, maintenance building repair, elevator repair helper, truck driver (light), maintenance supervisor amusement park/ride assembly, and appliance repairer.  (*Id.* at 28.)  Mr. Mabie's request for review by the Social Security Administration ("SSA") Appeals Council was denied (*id.* at 1-6), rendering the ALJ's decision the "final decision" of the Commissioner as that term is defined in 42 U.S.C. § 405(g).

On May 21, 2014, Mr. Mabie timely filed the present action challenging the Commissioner's decision.  (Compl. (Dkt. # 3).)  The matter was referred to Magistrate

Judge James P. Donohue.  (Min. Ord. (Dkt. # 6).)  Magistrate Judge Donohue issued an R&R, which recommended reversing the decision of the Commissioner and remanding to the matter to the SSA for further proceedings.  (R&R at 29.)  Magistrate Judge Donohue found that the ALJ erred in his evaluation of the opinions of examining physicians Dr. Margaret Cunningham (*id.* at 11-16) and Dr. Steven Johnson (*id.* at 16-19), and non-examining state agency psychologist Dr. Edward Beatty (*id.* at 22-25).  Magistrate Judge Donohue also found that the ALJ erred in finding Mr. Mabie not credible and in his evaluation of Mr. Mabie's mother's lay witness statement.  (*Id.* at 25-29.)  However, Magistrate Judge Donohue found that the ALJ did not err in his evaluation of non-examining state agency consultant Dr. Leslie Postovit (*id.* at 8-11) and examining psychologist Dr. David M. Barrett (*id.* at 19-22).  Finally, Magistrate Judge Donohue recommended that the case be reversed and remanded to the Commissioner for further proceedings.  (*Id.* at 29.)

The Commissioner did not file any objections to the R&R.  (*See generally* Dkt.)  Mr. Mabie, however, filed two objections.  (*See generally* Obj.)  First, he objected to Magistrate Judge Donohue's recommendation affirming the ALJ's finding regarding Dr. Barrett.  (*Id.* at 2, 3-6.)  Mr. Mabie also objected to Magistrate Judge Donohue's recommendation that the case be remanded for further proceedings.  (*Id.* at 2, 6-8.)  Instead, Mr. Mabie argues that the matter should be reversed and remanded for a calculation and award of benefits under the "credit-as-true standard" set forth in *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014).  The Commissioner filed a response urging the court to reject both of Mr. Mabie's objections.  (*See generally* Resp.)

## III.  ANALYSIS

**A.  Standard of Review**

A district court has jurisdiction to review a Magistrate Judge's R&R on dispositive matters.  *See* Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.*  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  The court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.*

**B.  Dr. Barrett**

Dr. Barrett performed a consultative examination of Mr. Mabie at the SSA's request. (*See* AR at 446-49.)  Dr. Barrett concluded that Mr. Mabie has Asperger's Disorder, problems with extreme anxiety, and depression. (*Id.* at 449.)  Dr. Barrett opined that Mr. Mabie has never been "very functional and has been unsuccessful in school and on multiple jobs because of his symptoms." (*Id.*)  He stated "it is unclear how all his symptoms interact to make him so dysfunctional, but at present he is homeless, very anxious, agoraphobic, depressed and overwhelmed by obsessions and compulsions." (*Id.*)

The ALJ stated that he did not find Dr. Barrett's comments to be persuasive.[1] (*Id.* at 26.) The ALJ concluded that Dr. Barrett failed to "clarify the degree of functioning following [his] conclusory statement" that Mr. Mabie "has never been very functional." (*Id.*) The ALJ also found that Dr. Barrett's conclusions were not supported by the record. (*See id.*)

Although Magistrate Judge Donohue concluded that the ALJ improperly focused on only the aspects of Mr. Mabie's mental status evaluation that supported the ALJ's conclusions, Magistrate Judge Donohue nevertheless agreed that the ALJ could reasonably reject Dr. Barrett's opinion. (R&R at 22.) Dr. Barrett failed to include any specific functional limitations in his opinion to help explain his conclusory statements about Mr. Mabie's level of functioning. (*See* AR at 449.) Magistrate Judge Donohue found that in the absence of such specific functional limitations, the ALJ could reasonably disregard Dr. Barrett's opinions as conclusory. (R&R at 22.)

Mr. Mabie objects to this portion of the R&R on grounds that the SSA's regulations require an ALJ to contact an examining consultant if the report is "inadequate or incomplete" to ask for the missing information or a revised report. (*See* Obj. at 5 (citing 20 C.F.R. § 404.1519p(b), 416.919p(b)).) Mr. Mabie argues that if the ALJ believed Dr. Barrett's report was incomplete due to his failure to include any specific functional limitations then the ALJ should have re-contacted Dr. Barrent pursuant to 20

---

[1] The ALJ also did not find Dr. Barrett's Global Assessment of Functioning or "GAF" score of 31 to be persuasive. (AR at 26.) However, Mr. Mabie does not raise the GAF score or the ALJ's or Magistrate Judge Donohue's discussion of the GAF score in his objections to the R&R. (*See generally* Obj.)

1  C.F.R. §§ 404.1519p(b), 416.919p(b).  Magistrate Judge Donohue, however, specifically

2  found that there was "no indication that [the] evidence was ambiguous or the record was

3  inadequate to allow for proper evaluation of the evidence."  (R&R at 22.)  Accordingly,

4  Magistrate Judge Donohue concluded that "the ALJ's duty to further develop the record

5  was not triggered by Dr. Barrett's failure to include a functional assessment."  (R&R

6  (citing *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).)

7         The court agrees with Magistrate Judge Donohue.  Indeed, contrary to Mr.

8  Mabie's position, the SSA's regulations support the position of both the ALJ and

9  Magistrate Judge Donohue.  Mr. Mabie is correct that an ALJ must contact the examining

10 consultant if the report is "inadequate or incomplete."  20 C.F.R. §§ 404.1519p(b),

11 416.919p(b).  Here, the ALJ stated that Dr. Barrett failed to "clarify the degree of [Mr.

12 Mabie's] functioning" following Dr. Barrett's conclusory statements concerning Mr.

13 Mabie's limitations.  (*See* AR at 26.)  The regulations specify the elements of a complete

14 consultative examination.  20 C.F.R. §§ 404.1519n(c), 416.919n(c).  Accordingly to the

15 regulations, a consultative examination should include a statement about the claimant

16 "can still do despite [his/her] impairments."  20 C.F.R. § 404.1519n(c)(6),

17 416.919n(c)(6).  The regulations also specify, however, that "the absence of such a

18 statement in a consultative report will not make the report incomplete."  20 C.F.R.

19 § 404.1519n(c)(6), 416.919n(c)(6).  Thus, the fact that Dr. Barrett failed to "clarify" Mr.

20 Mabie's "degree of functioning" (*see* AR at 26) did not render his report incomplete, and

21 thus did not trigger the ALJ's duty to further develop the record.

22

Mr. Mabie also argues that the ALJ had a duty to re-contact Dr. Barrett because it was the ALJ, and not Mr. Mabie, who had requested Dr. Barrett's examination of Mr. Mabie—presumably because the ALJ believed that he needed additional information. (*See* Obj. at 4-5.) Although this may be true, Mr. Mabie has not demonstrated that the record is otherwise inadequate to make a determination concerning his disability, and the burden to do so is his. A court will reverse an ALJ's decision as not supported by substantial evidence if the claimant shows that the ALJ failed to fulfill his duty to develop the record and the failure prejudiced the claimant. *See Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012). Mr. Mabie has not fulfilled this burden. Thus, like Magistrate Judge Donohue, the court cannot conclude that the ALJ had a duty to re-contact Dr. Barrett. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (ruling that if evidence in the record is adequate to make a determination concerning the claimant's disability, then the ALJ has no duty to re-contact doctors); *King v.Comm'r of Soc. Sec. Admin.*, 475 F. App'x 209, 209-10 (9th Cir. 2012) (concluding that ALJ had no duty to re-contact consulting examiner to clarify any inadequacies even though the ALJ rejected a portion of the consulting examiner's report as too vague to be useful and lacking in a "treating basis" for moderate limitations). The court adopts the R&R with respect to Magistrate Judge Donohue's recommendation concerning the ALJ's treatment of Dr. Barrett's report.

**C. Remand**

Mr. Mabie also objects to the R&R on the ground that Magistrate Judge Donohue should have recommended remanding the matter to the ALJ for a calculation and award

of benefits under the "credit-as-true" rule described in *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014), rather than remanding for further administrative proceedings.  (Obj. at 6-8.)  The court, however, agrees with Magistrate Judge Donohue that a remand for further administrative proceedings is the correct result here.

"Before [the court] may remand a case to the ALJ with instructions to award benefits, three requirements must be met:  '(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'"  *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  If, however, the record is "uncertain and ambiguous, the proper approach is to remand the case to the agency" for further proceedings.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014).  Indeed, the court retains "flexibility" to remand for further proceedings "when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that the claimant is, in fact, disabled."  *Garrison*, 759 F.3d at 1021.

Here, the record is sufficiently unclear to warrant a remand for further proceedings on an open record.  *See Burrell*, 775 F.3d at 1141-42.  This case was decided by the ALJ at step four in the five-step sequential process.  (AR at 27-28.)  As a result, the ALJ did not consider whether Mr. Mabie could perform other jobs that exist in the significant numbers in the national economy.  Further, the record contains conflicting medical

opinions concerning Mr. Mabie's functional capacities.  Accordingly, the court adopts Magistrate Judge Donohue's recommendation that this matter be remanded for further administrative proceedings.

## IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. # 15) in its entirety;

(2) The court REVERSES and REMANDS the final decision of the Commissioner for further proceedings consistent with the R&R and this order; and

(3) The court DIRECTS the Clerk to send copies of this Order to the Commissioner, to counsel for Mr. Mabie, and to Magistrate Judge Donohue.

Dated this 26th day of May, 2015.

JAMES L. ROBART
United States District Judge

ORDER- 9